BLD-060                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3036
_____

MONTEZ M. BOWENS,
Appellant

v.

JOHN WETZEL; KLOPOTOSKI; MICHAEL WENEROWICZ; SCOTT MILLER;
KERI MOORE; AMANDA WEST; DORINA VARNER; JAMES BARNACLE; KERI
CROSS; GEORGE ONDREJKA; JAY LANE; LURAL HARRY; JEFFREY BAKER;
J.W. SPAGNOLETTI; A. FLAIM; M. COX; GOBERWIRE; J. BROWN; ROTH;
POLLARD; ROBISON; TAYLOR CRANE; M. KNAPP; MIRABAL; ROZNICH; A.
JONES; MEJAS; POINTDEXTER; S. WANAMAKER; T. FERGUSON; ZABRESKY;
SHARRER; BLAKELY; G.E. SMITH; LAUVARIA; MATUES; HARRIS; JAMES;
RIVERA; NETTLES; DAY; WEBSTER; HORNE; PENA; PATTON; T. GRENEWICH;
R. DEGIDEO; S. KARPINSKI; WENDY SHAYLOR; STACY O'MARA; J. TERRA; J.
YODIS; J. LUQOIS, J. DAY, MARY CANINO; DR. P. BRATTON; DR. MARTINEZ;
DR. FIX; A. MACALLENDER; F. REGAN; C. FLISZAR; ROBIN LEWIS; THOMAS;
LARRY LUDWIG; ALLISON RANSOME, Employees of the Department of
Corrections
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-02689)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2016

Before: AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Filed: January 4, 2017)

_____

OPINION[*]

_____

PER CURIAM

Montez M. Bowens appeals the District Court's order dismissing his amended complaint for failure to state a claim upon which relief could be granted. His appeal also arguably encompasses the District Court's order granting summary judgment in favor of two defendants. We will summarily affirm both orders.

In May 2014, Bowens filed a civil rights complaint against several defendants associated with his incarceration at SCI-Graterford. He subsequently amended the complaint. The amended complaint is lengthy and discursive, covering a wide range of unrelated subjects and events, but the main allegations concern Bowens' perception that he was subject to sexual abuse and harassment at Graterford, that the prison staff retaliated against him for protected activity related to his complaints of abuse and harassment, that he was denied access to adequate medical care for his mental health issues, and that the prison staff discriminated against him on the basis of disability. In an order entered June 15, 2016, the District Court granted a motion to dismiss filed by those defendants designated as "the Graterford defendants"—essentially, the state employees working at SCI-Graterford who Bowens alleges were involved in abuse, harassment, and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

retaliation directed at him. In an order entered June 23, 2016, the District Court granted the summary judgment motion of the remaining defendants, Drs. Bratton and Martinez, medical contractors who allegedly were deliberately indifferent to Bowens' serious medical needs. Bowens filed a timely notice of appeal, which he amended a few days later.

Our review of the District Court's dismissal order is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). "Determining whether a complaint states a plausible claim to relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. We may summarily affirm a District Court's order if the appeal presents no substantial question, see 3d Cir. LAR 27.4; I.O.P. 10.6, and we may rely on any ground that the record supports, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

A pro se plaintiff's pleadings are liberally construed. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). But even under that relaxed standard, there is no substantial question that Bowens' complaint failed to state a claim, largely for the reasons

3

explained by the District Court.  See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a pro se complaint must still meet Iqbal's plausibility standard).

We agree with the District Court that Bowens' amended complaint does not state any claim under the Americans with Disabilities Act ("ADA").  Among other issues, Bowens has sued state employees in their individual capacities, not any "public entity" as the statute requires.  See 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (emphasis added)); 42 U.S.C. § 12131 (defining "public entity" as (a) any State or local government; (b) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (c) the National Railroad Passenger Corporation, and any other commuter authority).  Moreover, the District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim.  See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc).

We also agree that Bowens' amended complaint did not adequately plead any constitutional claims under 42 U.S.C. § 1983, substantially for the reasons set out in the District Court's opinion.  In opposition to affirmance on appeal, though, Bowens raises

4

several arguments concerning the District Court's § 1983 analysis. First, he argues that the District Court failed to consider the entire record. The District Court's opinion, however, belies that contention, as it is clear that the Court was aware of and considered the voluminous exhibits included with the amended complaint. See, e.g., Mem., D. Ct. Doc. No. 79 at 5 n.10 ("Although plaintiff's amended complaint, with its attachments is quite lengthy, plaintiff's allegations remain insufficiently specific to support a plausible claim that many of the Graterford defendants had the requisite level of personal involvement in the claimed violation of plaintiff's constitutional rights."). An independent review of the amended complaint and its exhibits confirms that, even considering the attachments as part of the complaint, it fails to state any constitutional claim upon which relief could be granted.

Second, Bowens makes two related procedural arguments: that the District Court did not rule on his pending motions, and that it on the Graterford defendants' motion to dismiss before his time had elapsed to respond to Drs. Bratton and Martinez's motion for summary judgment. Bowens appears to view his opposition to the defendants' motions as pending motions that the District Court did not explicitly decide. Of course, however, the District Court decided the arguments in Bowens' opposition brief when it granted the Graterford defendants' motion to dismiss. As for the timing argument, Bowens had already responded to Drs. Bratton and Martinez's motion for summary judgment when the District Court ruled on the Graterford defendants' motion to dismiss. The Graterford defendants' motion to dismiss was also fully briefed before the District Court issued its

5

dismissal order.  The timing of the District Court's rulings did not deny Bowens any opportunity to set forth his arguments.

Third, Bowens argues that the District Court erred in dismissing his Eighth Amendment deliberate indifference claims to the extent that they relied on the Prison Rape Elimination Act and other policies.  But as the District Court correctly concluded, Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim.  Under the Eighth Amendment as interpreted in the federal courts, a prison official acts with deliberate indifference only if he or she "knows of and disregards an excessive risk to inmate health or safety."  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  It is under that constitutional standard that Bowens failed to plead sufficient factual matter to state a claim against those officials whom he charges as deliberately indifferent to sexual harassment and the mental anguish he alleges he suffered.

Fourth, Bowens makes two arguments about the legal standard that the District Court applied in dismissing his constitutional claims.  Those arguments, which are essentially two sides of the same coin, are: (1) that the District Court failed to appreciate that a plaintiff need only plead sufficient facts to put defendants on fair notice of the claims against them, and (2) that heightened pleading is not required.  Contrary to Bowens' contention, however, it is evident that the District Court cited and applied the correct legal standard.  See Mem., D. Ct. Doc. No. 79 at 3 n.8 (citing, among other cases, Ashcroft v. Iqbal).  And an independent review of the amended complaint confirms that

6

Bowens has not pleaded sufficient facts to allege the elements of each of the claims that he seeks to assert.

Finally, although Bowens' notices of appeal do not refer explicitly to the District Court's summary judgment ruling, it is arguable that certain statements in Bowens' filings indicate an intention to appeal from the order granting summary judgment in favor of Drs. Bratton and Martinez. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) ("[W]e can exercise jurisdiction over orders not specified in the Notice of Appeal if: '(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.'") (citation omitted). To the extent Bowens intended to appeal the summary judgment ruling as well, his appeal fails to persuade us substantially for the reasons set out in the District Court's opinion.

After Bowens' grievance record was produced, the District Court granted summary judgment in favor of Drs. Bratton and Martinez on the ground that Bowens failed to exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 84 (2006) ("[P]roper exhaustion of administrative remedies is necessary" to satisfy the Prison Litigation Reform Act's exhaustion requirement for civil rights suits against prison officials.). Bowens had argued in the District Court that there was not a grievance process available to him as a result of a prison policy that set out a different procedure for immediately reporting instances of sexual abuse and harassment, and that did not require the additional use of the usual prison grievance process. As the District Court observed,

however, the prison policy that Bowens cited—Department Policy DC-ADM 008—was announced on March 31, 2014, which is after the grievances at issue in Bowens' complaint were filed and after the relevant events set out in Bowens' amended complaint. When Bowens filed the grievances at issue here, an earlier version of another prison policy—DCM-ADM 804—required that Bowens pursue the appeals process for grievances related to sexual abuse or harassment. We agree with the District Court's conclusion that, based on the record before the District Court, Bowens did not exhaust his administrative remedies as set out in the policy which was in effect during the relevant time period.

Consequently, for the above reasons and for the reasons set forth in the District Court's opinions, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6. Bowens' motion for the appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).